UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
YA GLOBAL INVESTMENTS, LP                   :
c/o Walkers Corporate Services Limited      :
Walker House, 87 Mary Street                :
George Town, Grand Cayman                   :
KY1-9002, Cayman Island                     :
                                            :
YA OFFSHORE GLOBAL INVESTMENTS,             :
LTD                                         :
c/o Walkers Corporate Services Limited      :   Case No.  _____
Walker House, 87 Mary Street                :
George Town, Grand Cayman                   :
KY1-9002, Cayman Island                     :
                              Plaintiffs,   :
                                            :
V.                                          :
                                            :
INTERNAL REVENUE SERVICE                    :
1111 Constitution Avenue, N.W.              :
Washington, D.C. 20224                      :
                                            :
                              Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
```

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs YA Global Investments, LP ("YA Global") and YA Offshore Global

Investments, Ltd ("YA Offshore") bring this action for declaratory and injunctive relief under the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Administrative

Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and complain as follows:

### INTRODUCTION

1.      Plaintiffs seek to compel the disclosure of all government documents and records

that were unlawfully withheld by Defendant, the Internal Revenue Service, arising out of its

examination of YA Global's federal income tax returns for the taxable years 2006 through 2011.

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

The Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

3.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.      YA Global is a Cayman Island limited partnership with its principal place of

business located in Grand Cayman.

5.      YA Offshore is a Cayman Island corporation with its principal place of business

located in Grand Cayman.

6.      Defendant is an agency of the United States government within the meaning of

U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control over the

records that Plaintiff seeks under FOIA.

## STATUTORY FRAMEWORK

7.      The FOIA requires federal government agencies to release requested agency

records to the public unless one or more specific statutory exemptions apply.   5 U.S.C. §

552(a)(3)(A).

8.      Records are agency records subject to the FOIA if the agency created or obtained

them and the agency controlled them at the time the FOIA request is made.   *U.S. Dep't of Justice*

*v. Tax Analysts*, 492 U.S. 136, 144-45 (1989) (internal citations omitted).

9.      An agency has twenty (20) working days after receipt of a FOIA request in which to

determine whether to comply with the request.   5 U.S.C. § 552(a)(6)(A)(i).   If the agency fails to

respond, this Court has jurisdiction upon receipt of a complaint to review, de novo, the agency's

failure to respond and order the production of any agency records improperly withheld from the

requester.  5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

10.     Defendant, a bureau of the Department of the Treasury, is responsible for the administration and enforcement of the federal tax laws.

11.     Defendant conducted an examination of YA Global's federal income tax returns for the taxable years 2006 through 2011 (the "IRS Examination").

12.     On November 19, 2014, Plaintiffs' counsel prepared a FOIA request, on Plaintiffs' behalf ("Plaintiffs' FOIA Request").  Ex. I.

13.     Plaintiffs' FOIA Request was received by the appropriate component of Defendant by no later than November 24, 2014.

14.     As of December 23, 2014, Defendant had not responded to Plaintiffs' FOIA Request.

15.     On December 23, 2014, Defendant sent Plaintiffs' counsel a letter in connection with Plaintiffs' FOIA Request ("Defendant's December 23, 2014 Letter").  Ex. II.

16.     Defendant's December 23, 2014 Letter claimed that Defendant was unable to meet the 20 working-day statutory deadline to respond to Plaintiffs' FOIA Request, and alleged entitlement to a 10 day statutory extension to January 12, 2015, in order to "search for, collect, and review responsive records from other locations." *Id.* at 1.  Furthermore, Defendant's December 23, 2014 letter requested an additional extension of time claiming that it "will still be unable to locate and consider release of the requested records by January 12, 2015." *Id.*

17.     No "unusual circumstances," as that term is defined in 5 U.S.C. § 552(a)(6)(B)(iii), precluded Defendant from responding to Plaintiffs' FOIA Request within the 20 working-day statutory response period under the FOIA.

18.     On March 3, 2015, Plaintiffs' counsel received a second letter from Defendant, dated February 26, 2015, in connection with Plaintiffs' FOIA request ("Defendant's February 26, 2015 letter").  Ex. III.

19.     Defendant's February 26, 2015 letter requested an additional extension of time to May 21, 2015 in order to respond to Plaintiffs' FOIA request.  *Id.* at 1.

20.     On May 27, 2015, Plaintiffs' counsel received a third letter from Defendant, dated May 21, 2015, in connection with Plaintiffs' FOIA request ("Defendant's May 21, 2015 Letter"). Ex. IV.

21.     Defendant's May 21, 2015 letter requested an additional extension of time to July 21, 2015 in order to respond to Plaintiffs' FOIA request.  *Id.* at 1.

22     To date, Defendant has not responded to Plaintiffs' FOIA Request.

23.     The statutory deadline for Defendant to respond to Plaintiffs' FOIA request has expired.

24.     Because Defendant failed to comply with the FOIA time limit provisions, Plaintiffs have exhausted their administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

### CAUSES OF ACTION

### First Cause of Action
### (Production Under the FOIA)

25.     Plaintiffs assert and incorporate by reference paragraphs 1-24.

26.     Plaintiffs properly requested records within Defendant's control and possession in accordance with the FOIA.

27.     Plaintiffs are entitled under FOIA to access the requested records.

28.     Defendant wrongfully withheld the requested records in violation of the FOIA.

29.     Plaintiffs exhausted their administrative remedies with regard to the wrongfully

withheld records.

## Second Cause of Action
### (Violation of the APA)

30.     Plaintiffs assert and incorporate by reference paragraphs 1-24.

31.     Plaintiffs properly requested records within Defendant's control and possession in accordance with the FOIA.

32.     Plaintiffs are entitled under FOIA to access the requested records.

33.     Defendant's failure to respond to Plaintiffs' FOIA Request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA.   Defendant's failure to timely respond is arbitrary, capricious, and an abuse of discretion, not in accordance with law, and without observance of procedure required by law, all in violation of the APA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a.      declare that Defendant's failure to disclose the records requested by Plaintiffs is unlawful;

b.      enjoin Defendant from withholding and order Defendant to disclose the requested records to Plaintiffs, in accordance with 5 U.S.C. § 552(a)(4)(B);

c.      award Plaintiffs their costs and reasonable attorney fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

d.      grant such other and further relief as the Court may deem just and proper.


Dated: 6/18/2015                          Respectfully submitted,


Sara Z. Moghadam                          Frank J. Jackson
(D.C. Bar No. 463862)                     DLA Piper LLP (US)
DLA Piper LLP (US)                        1251 Avenue of the Americas
500 Eighth Street, NW                     New York, NY 10020
Washington, DC 20004                      (212) 335-4805
(202) 799-4512                            frank.jackson@dlapiper.com
sara.moghadam@dlapiper.com


                                          Ellis L. Reemer
                                          DLA Piper LLP (U.S.)
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          (212) 335-4980
                                          ellis.reemer@dlapiper.com


*Counsel for Plaintiffs YA Global Investments, LP and YA Offshore Global Investments, LTD*